IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| **VANESSA H. TAYLOR**<br>Personal Representative of the Estate of<br>Joseph A. Savage, deceased<br><br>    Plaintiff,<br><br>v.<br><br>**SETHMAR TRANSPORTATION, INC.**,<br><br>**SUNSHINE MILLS, INC.**,<br><br>**FREIGHT MOVERS, INC.**,<br><br>**Z BROTHERS LOGISTICS, LLC**,<br><br>and<br><br>**ALISHER MANSUROV**<br><br>    Defendants. | Case No.:  2:19-cv-00770<br><br><br>**COMPLAINT WITH JURY DEMAND**<br>**ENDORSED HEREON** |

Plaintiff Vanessa H. Taylor, as Personal Representative of the Estate of Joseph A. Savage, deceased, by and through counsel, files this Complaint and Jury Demand against the Defendants and states as follows:

## OVERVIEW

Defendants Sethmar Transportation ("Sethmar"), Freight Movers, Inc. ("Freight Movers") and/or Z Brothers Logistics, LLC ("Z Brothers") hired Defendant Alisher Mansurov to transport goods from Defendant Sunshine Mills, Inc. ("Sunshine Mills") facility in Halifax, Virginia to Elkhart, Indiana. On November 9, 2017, Defendant Alisher Mansurov was driving a tractor-trailer at a high rate of speed on I-77 in Sharon, West Virginia (Kanawha County). Mr. Mansurov lost control of the tractor-trailer; the tractor-

trailer ran off the left roadway edge, crashed through the concrete barrier wall, and slid across both southbound lanes of traffic, completely blocking the roadway. Plaintiff Joseph Savage was driving southbound on I-77 and crashed into the tractor-trailer. Mr. Savage died as a result of the collision.

## THE PARTIES

1.  Plaintiff Vanessa Taylor, wife of decedent Joseph Savage, is a domiciliary and citizen of the State of South Carolina. On or about December 13, 2017, the Probate Judge in the Cherokee County Court Division of the State of South Carolina qualified and appointed Vanessa Taylor as Personal Representative of the Estate of Joseph Savage. A copy of the Certificate of Appointment is attached hereto as **Exhibit A.**

2.  Defendant Sethmar is a Kansas corporation with its principal place of business located in Overland Park, Kansas. Sethmar conducts continuous and systematic trucking operations and caused tortious injury in the State of West Virginia. Sethmar is registered with the Federal Motor Carrier Safety Administration (USDOT NO. 3222202) and has designated Mark R. Gordon, 934 Neville Street, Follansbee, West Virginia 26037, as its agent for service of process under 49 C.F.R. § 366.

3.  Defendant Sunshine Mills is an Alabama corporation with its principal place of business located in Red Bay, Alabama. Sunshine is registered with the Federal Motor Carrier Safety Administration (USDOT NO. 42097) and has designated Joe Boggs, located at 1703 Woodvale Drive, Charleston, West Virginia 25314, as its agent for service of process under 49 C.F.R. § 366.

4.  Defendant Freight Movers is an Illinois company with its principal place of business in Homer Glen, Illinois. Freight Movers is registered with the Federal Motor Carrier Safety Administration (USDOT NO. 2352497) and has designated Michael M.

Markins, located at 10 Hale Street, Charleston, West Virginia 25337, as its agent for service of process under 49 C.F.R. § 366.

5. Defendant Z Brothers Logistics is a Texas company with its principal place of business in Arlington, Texas. On information and belief, none of the members of Z Brothers are citizens or residents of the West Virginia. Z Brothers is registered with the Federal Motor Carrier Safety Administration (USDOT NO. 2524904) and has designated Michael M. Markins, located at 10 Hale Street, Charleston, West Virginia 25337, as its agent for service of process under 49 C.F.R. § 366.

6. Defendant Alisher Mansurov is a domiciliary and citizen of the State of Pennsylvania and may be served with process at 2632 Tremont Street, Philadelphia, Pennsylvania 19152.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8. Venue is properly conferred under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims (that is, the fatal collision) occurred in this District.

## BACKGROUND FACTS

9. All allegations and statements contained above and below are incorporated by reference as if restated herein verbatim.

10. Defendant Sunshine Mills selected Defendant Sethmar, Defendant Freight Movers and/or Defendant Z Brothers to transport and/or to arrange transport of goods from

Sunshine Mill's facility in Halifax, Virginia to United Pet Food Manufacturing, LLC in Elkhart, Indiana (the "Load").

11. Defendant Sethmar selected Defendant Freight Movers, Defendant Z Brothers and/or Defendant Alisher Mansurov to transport the Load.

12. Defendant Freight Movers and/or Defendant Z Brothers hired Defendant-driver Alisher Mansurov to pick up and transport the Load.

13. The West Virginia Crash report reports that Alisher Mansurov did not have a valid CDL Class A license. It lists him as holding a CDL Instruction Permit, which would make it illegal for him to drive a commercial motor vehicle on the road.

14. On or about November 9, 2017, Defendant Mansurov picked up the Load at Sunshine Mills' facility in a tractor-trailer that had a Gross Vehicle Weight Rating ("GVWR") of 80,000 pounds; it was a commercial motor vehicle that he operated on the road; and it was owned and/or operated under the USDOT number assigned to Defendant Z Brothers.

15. After picking up the Load at Sunshine Mills, at approximately 8:35pm on November 9th, Defendant Mansurov drove the tractor-trailer at a high rate of speed in the southbound lane of I-77 around mile marker 77 in Sharon, West Virginia (Kanawha County).

16. Mr. Mansurov lost control of the tractor-trailer; the tractor-trailer ran off the left roadway edge, crashed through the concrete barrier wall, and slid across both southbound lanes of traffic, completely blocking the roadway.

17. Joseph Savage was driving southbound on I-77 and crashed into the tractor-trailer. After experiencing conscious pain, suffering and terror, Mr. Savage died as a result of the collision.

18. Damages to Mr. Savage's estate include (a) sorrow, mental anguish, and solace which includes society, companionship, comfort, guidance, kindly offices and advice of the decedent; (b) compensation for reasonably expected loss of (i) income of the decedent and (ii) services, protection, care and assistance provided by the decedent.

19. Damages to Mr. Savage include pre-death pain and suffering and economic losses suffered due to this death, including future wages.

20. Accordingly, Plaintiff brings this action as personal representative of the estate of decedent Joseph Savage pursuant to, and as authorized by, West Virginia's wrongful death (WV Code §§ 55-7-5, 55-7-6, 55-7-8) and survival (WV Code § 55-7-8a) statutes.

### COUNT I – NEGLIGENCE AND RECKLESSNESS AGAINST MANSUROV

21. All facts and allegations above and below are incorporated by reference as if restated verbatim.

22. Defendant Alisher Mansurov had a duty to operate the tractor-trailer in a safe and reasonable manner, to drive at a safe and prudent speed, to maintain control of the tractor-trailer at all times, to comply with the standards of care established by the Federal Motor Carrier Safety Regulations and West Virginia traffic laws and to stay in his lane of travel and otherwise to act in a reasonably safe and careful manner.

23. Defendant Alisher Mansurov breached these duties by driving at an unsafe speed, over-correcting and over-steering, operating the tractor-trailer in an erratic and careless manner, losing control of the vehicle, failing to maintain his lane, running off the road, going across the median and blocking both lanes of traffic, among other things.

24. Defendant Mansurov's breaches of duty directly and proximately caused Mr. Savage's death and pre-death pain and terror.

25. In addition to his negligence, Defendant Mansurov's actions and omissions were carried out with conscious, reckless and outrageous indifference to the health, safety and welfare of others.

26. As a foreseeable and proximate result of Defendant Alisher Mansurov's negligent and reckless conduct, Joseph Savage and his heirs and survivors suffered and will continue to suffer damages as set forth above for which his estate and survivors are entitled to recover pursuant to West Virginia's wrongful death and survival statutes.

27. Because Defendant Mansurov acted with conscious, reckless and outrageous indifference to the heath, safety and welfare of others, Plaintiff also seeks to recover punitive damages pursuant to WV Code § 55-7-29.

## COUNT II – VICARIOUS LIABILITY AGAINST Z BROTHERS

28. All facts and allegations above and below are incorporated by reference as if restated verbatim.

29. The negligent and reckless actions and omissions of Defendant Alisher Mansurov as set forth in Count I above were committed within the course and scope of his employment or agency with Defendant Z Brothers.

30. As employer or principal of Defendant Alisher Mansurov, Defendant Z Brothers is vicariously liable for the negligent and reckless actions and omissions of Defendant Alisher Mansurov, the damages proximately caused, and any punitive or exemplary damages.

31. Defendant Z Brothers also is vicariously liable for the collision as a motor carrier and statutory employer for the Load in accordance with the Federal Motor Carrier Safety Regulations.

## COUNT III – NEGLIGENCE & RECKLESSNESS AGAINST Z BROTHERS

32. All facts and allegations above and below are incorporated by reference as if restated verbatim.

33. Defendant Z Brothers had a duty to operate and arrange transportation on public highways in a safe and reasonable manner; to hire, train, supervise and retain drivers that are competent and safe with respect to operating commercial motor vehicles on public highways, and to comply with the standards of care established by the Federal Motor Carrier Safety Regulations and state traffic laws; and otherwise to act in a reasonably safe and careful manner.

34. Defendant Z Brothers breached these duties by failing to exercise reasonable care in operating and arranging transportation of the Load; in hiring, training, supervising and retaining Defendant Alisher Mansurov to operate the tractor-trailer and transport the Load when he had at least eight moving violations in the five years prior to the collision and lacked the required knowledge set forth in 49 C.F.R. § 383.111 (such as the proper procedures for performing basic maneuvers, the effects of speed, the procedures and techniques for controlling the space around the vehicle and basic information on hazard perception and how to make emergency maneuvers, and the ability to "read and speak the English language sufficiently to converse with the general public, understand highway traffic signs and signals, respond to official inquiries, and make entries on reports and records" set forth in 49 C.F.R. § 391.11); and otherwise failing to exercise reasonable care.

35. Driving the approximately 80,000-pound (GVWR) tractor-trailer on public highways involved risk of physical harm unless it was skillfully and carefully done.

36. Defendant Mansurov lacked the competence and due care required to transport the Load and his incompetence and lack of care—set forth in Count I above—was a proximate cause of this collision.

37. Defendant Z Brothers knew or should have known of Mansurov's incompetence and lack of care.

38. In addition to negligence with respect to operation of the tractor-trailer, hiring, training, supervision and retention of Defendant Mansurov, and negligent entrustment of their tractor-tractor to Defendant Mansurov, Defendant Z Brother's actions and omissions were carried out with conscious, reckless and outrageous indifference to the health, safety and welfare of others.

39. As a foreseeable and proximate result of Defendant Z Brother's negligent and reckless conduct, Joseph Savage and his heirs and survivors suffered and will continue to suffer damages as set forth above for which his estate and survivors are entitled to recover pursuant to West Virginia's wrongful death and survival statutes.

40. Because Defendant Z Brothers acted with conscious, reckless and outrageous indifference to the health, safety and welfare of others, Plaintiff also seeks to recover punitive damages pursuant to WV Code § 55-7-29.

### COUNT IV – VICARIOUS LIABILITY AGAINST FREIGHT MOVERS

41. All facts and allegations above and below are incorporated by reference as if restated verbatim.

42. The negligent and reckless actions and omissions of Defendant Alisher Mansurov as set forth in Count I above were committed within the course and scope of his employment or agency with Defendant Freight Movers.

43. As employer or principal of Defendant Alisher Mansurov, Defendant Freight Movers is vicariously liable for the negligent and reckless actions and omissions of Defendant Alisher Mansurov, the damages proximately caused, and any punitive or exemplary damages.

44. Defendant Freight Movers also is vicariously liable for the collision as a motor carrier and statutory employer for the Load in accordance with the Federal Motor Carrier Safety Regulations.

**COUNT V – NEGLIGENCE & RECKLESSNESS AGAINST FREIGHT MOVERS**

45. All facts and allegations above and below are incorporated by reference as if restated verbatim.

46. Defendant Freight Movers had a duty to operate and arrange transportation on public highways in a safe and reasonable manner; to hire, train, supervise and retain drivers that are competent and safe with respect to operating commercial motor vehicles on public highways, and to comply with the standards of care established by the Federal Motor Carrier Safety Regulations and state traffic laws and otherwise to act in a reasonably safe and careful manner.

47. Defendant Freight Movers breached these duties by failing to exercise reasonable care in operating and arranging transportation of the Load; in hiring and supervising and retaining Defendant Alisher Mansurov to operate the tractor-trailer and transport the Load when he had at least eight moving violations in the five years prior to the collision and lacked the required knowledge set forth in 49 C.F.R. § 383.111 (such as the proper procedures for performing basic maneuvers, the effects of speed, the procedures and techniques for controlling the space around the vehicle and basic information on hazard perception and how to make emergency maneuvers, and the ability to "read and speak the

English language sufficiently to converse with the general public, understand highway traffic signs and signals, respond to official inquiries, and make entries on reports and records" set forth in 49 C.F.R. § 391.11; and in failing to provide safety training to drivers and train hiring managers about the dangers of hiring "high risk" drivers and how to best attract, screen and qualify drivers who are likely to adhere to safe driving regulations and practices); among other things.

48. Driving the 80,000-pound (GVWR) tractor-trailer on public highways involved risk of physical harm unless it was skillfully and carefully done.

49. Defendant Mansurov lacked the competence and due care required to transport the Load and his incompetence and lack of care—set forth in Count I above—was a proximate cause of this collision.

50. Defendant Freight Movers knew or should have known of Mansurov's incompetence and lack of care.

51. In addition to negligence with respect to operation of the tractor-trailer, hiring, training, supervision and retention of Defendant Mansurov, and negligent entrustment of their tractor-tractor to Defendant Mansurov, Defendant Freight Movers' actions and omissions were carried out with conscious, reckless and outrageous indifference to the health, safety and welfare of others.

52. As a foreseeable and proximate result of Defendant Freight Movers' negligent and reckless conduct, Joseph Savage and his heirs and survivors suffered and will continue to suffer damages as set forth above for which his estate and survivors are entitled to recover pursuant to West Virginia's wrongful death and survival statutes.

53. Because Defendant Freight Movers acted with conscious, reckless and outrageous indifference to the health, safety and welfare of others, Plaintiff also seeks to recover punitive damages pursuant to WV Code § 55-7-29.

### COUNT VI– VICARIOUS LIABILITY AGAINST SETHMAR

54. All facts and allegations above and below are incorporated by reference as if restated verbatim.

55. The negligent and reckless actions and omissions of Defendants Alisher Mansurov, Z Brothers and Freight Movers set forth in Counts I, III and V herein were committed within the course and scope of their respective employment or agency with Defendant Sethmar.

56. As employer or principal of Defendants Alisher Mansurov, Z Brothers and Freight Movers, Defendant Sethmar is vicariously liable for their respective negligent and reckless actions and omissions, the damages proximately caused, and any punitive or exemplary damages.

57. Defendant Sethmar also is vicariously liable for the collision as a motor carrier and statutory employer of the Load under the Federal Motor Carrier Safety Regulations.

### COUNT VII – NEGLIGENCE & RECKLESSNESS AGAINST SETHMAR

58. All facts and allegations above and below are incorporated by reference as if restated verbatim.

59. Defendant Sethmar had a duty to operate and arrange transportation on public highways in a safe and reasonable manner; to hire, train, supervise and retain drivers and carriers that are competent and safe with respect to operating commercial motor vehicles on public highways; to comply with the standards of care established by the Federal Motor

Carrier Safety Regulations and state traffic laws; and otherwise to act in a reasonably safe and careful manner.

60. Defendant Sethmar breached these duties by failing to exercise reasonable care in operating and arranging transportation of the Load and in hiring, training, supervising and retaining Defendants Mansurov, Z Brothers and Freight Movers to operate the tractor-trailer and transport the Load when, in addition to the reasons set forth in Counts I, III and V above, Defendant Z Brothers' federal motor carrier operating authority had been involuntary invoked over a year prior to the collision and had no legal right to be on the road and Defendant Freight Movers had a history of safety violations including in the areas of unsafe driving and drivers' hour-of-service, employing drivers with "red flag" violations such as driving with a suspended commercial driver's license, speeding, inattentive driving, failure to obey traffic control device, and phone use, among other things, and otherwise failing to exercise reasonable care.

61. Driving the 80,000-pound (GVWR) tractor-trailer on public highways involved risk of physical harm unless it was skillfully and carefully done.

62. Defendants Mansurov, Z Brothers and Freight Movers each lacked the competence and due care required to transport the Load and their incompetence and lack of care—as set forth in Counts I, III and V above—were the proximate cause of this collision.

63. Defendant Sethmar knew or should have known of Mansurov, Z Brothers and Freight Movers' incompetence and lack of care.

64. Defendant Sethmar also did not obtain authority to operate as a transportation broker from the Federal Motor Carrier Safety Administration, failing to demonstrate to that it had the required "relevant experience" and "knowledge of related rules, regulations, and industry practices" pursuant to 49 U.S.C. §S 13904 and 14916.

65. In addition to negligence, Defendant Sethmar's actions and omissions were carried out with conscious, reckless and outrageous indifference to the health, safety and welfare of others.

66. As a foreseeable and proximate result of Defendant Sethmar's negligent and reckless conduct, Joseph Savage and his heirs and survivors suffered and will continue to suffer damages as set forth above for which his estate and survivors are entitled to recover pursuant to West Virginia's wrongful death and survival statutes.

67. Because Defendant Sethmar acted with conscious, reckless and outrageous indifference to the health, safety and welfare of others, Plaintiff also seeks to recover punitive damages pursuant to WV Code § 55-7-29.

## COUNT VIII – VICARIOUS LIABILITY AGAINST SUNSHINE MILLS

68. All facts and allegations above and below are incorporated by reference as if restated verbatim.

69. The negligent and reckless actions and omissions of Defendants Alisher Mansurov, Z Brothers, Freight Movers and Sethmar set forth in Counts I, III, V and VII herein were committed within the course and scope of their respective employment or agency with Defendant Sunshine Mills.

70. As employer or principal of Defendants Alisher Mansurov, Z Brothers, Freight Movers and Sethmar Mills, Defendant Sunshine is vicariously liable for their respective negligent and reckless actions and omissions, the damages proximately caused, and any punitive or exemplary damages.

71. Defendant Sunshine Mills also is vicariously liable for the collision as a motor carrier and statutory employer of the Load under the Federal Motor Carrier Safety Regulations.

## COUNT IX – NEGLIGENCE & RECKLESSNESS AGAINST SUNSHINE MILLS

72.   All facts and allegations above and below are incorporated by reference as if restated verbatim.

73.   Defendant Sunshine Mills had a duty to operate and arrange transportation on public highways in a safe and reasonable manner; to hire, train, supervise and retain drivers and carriers that are competent and safe with respect to operating commercial motor vehicles on public highways; to comply with the standards of care established by the Federal Motor Carrier Safety Regulations and state traffic laws; to hire a safe and competent freight broker and otherwise to act in a reasonably safe and careful manner.

74.   Defendant Sunshine Mills breached these duties by failing to exercise reasonable care in operating and arranging transportation of the Load and in hiring, training, supervising and retaining Defendants Mansurov, Z Brothers, Freight Movers and Sethmar to operate the tractor-trailer and transport the Load when, in addition to the reasons set forth in Counts I, III, V and VII above, Defendant Sethmar did not obtain authority to operate as a transportation broker from the Federal Motor Carrier Safety Administration, failing to demonstrate to that it had the required "relevant experience" and "knowledge of related rules, regulations, and industry practices" pursuant to 49 U.S.C. §S 13904 and 14916 and otherwise failed to act in a reasonably safe and careful manner.

75.   Driving the 80,000-pound (GVWR) tractor-trailer on public highways involved risk of physical harm unless it was skillfully and carefully done.

76.   Defendant Sunshine Mills is regularly engaged in the business of shipping.

77.   Defendants Mansurov, Z Brothers and Freight Movers each lacked the competence and due care required to transport the Load and their incompetence and lack of care—as set forth in Counts I, III, V and VII above—were the proximate cause of this collision.

14

78. Defendant Sunshine Mills knew or should have known of Mansurov, Z Brothers, Freight Movers and Sethmar's incompetence and lack of care.

79. In addition to negligence, Defendant Sunshine Mills' actions and omissions were carried out with conscious, reckless and outrageous indifference to the health, safety and welfare of others.

80. As a foreseeable and proximate result of Defendant Sunshine Mills' negligent and reckless conduct, Joseph Savage and his heirs and survivors suffered and will continue to suffer damages as set forth above for which his estate and survivors are entitled to recover pursuant to West Virginia's wrongful death and survival statutes.

81. Because Defendant Sunshine Mills acted with conscious, reckless and outrageous indifference to the health, safety and welfare of others, Plaintiff also seeks to recover punitive damages pursuant to WV Code § 55-7-29.

WHEREFORE, Plaintiff demands judgment against the Defendants for an amount that will fully, fairly, and reasonably compensate the estate of Joseph Savage, and his heirs and survivors, as follows:

a. compensatory damages for Joseph Savage's pre-death pain and suffering and economic losses suffered due to his death, including past and future wages;

b. compensatory damages, including for sorrow, mental anguish, and solace, which includes loss of society, companionship, comfort, guidance, kindly offices, and advice of Joseph Savage; and services, protection care and assistance provided by Joseph Savage;

c. attorney's fees, costs, and expenses;

d. pre- and post-judgment interest at the maximum rate permitted by law;

e. punitive or exemplary damages; and

    f.    further and additional relief as may be available and warranted under the circumstances of this case.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

<u>s/ *S. Andrew Stonestreet*</u>
Jeff D. Stewart (WV Bar No. 9137)
S. Andrew Stonestreet (WV Bar No. 11966)
STEWART BELL, PLLC
P.O. Box 1723
Charleston, WV 25326
Phone: (304) 345-1700
Facsimile: (304) 345-1715
jdstewart@belllaw.com
sastonestreet@belllaw.com

*Attorneys for Plaintiff*