UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

VANESSA H. TAYLOR, Personal
Representative of the Estate of
Joseph A. Savage, deceased,

    Plaintiff,

v.                                    Civil Action No. 2:19-cv-00770

SETHMAR TRANSPORTATION, INC.,
SUNSHINE MILLS, INC., FREIGHT
MOVERS, INC., Z BROTHERS
LOGISTICS, LLC, and ALISHER
MANSUROV,

    Defendants.

## MEMORANDUM OPINION AND ORDER

        Pending are (i) defendant Sethmar Transportation, Inc.'s motion to dismiss, filed February 4, 2020, (ii) plaintiff's motion for leave to file her "First Amended Complaint," filed February 10, 2020, (iii) defendant Sunshine Mills, Inc.'s motion to dismiss, filed February 18, 2020, (iv) plaintiff's amended motion for leave to file her First Amended Complaint, filed February 20, 2020, and (v) Sethmar Transportation, Inc.'s motion to stay, filed February 21, 2020.

## I. Background

On October 23, 2019, plaintiff Vanessa H. Taylor, as Personal Representative of the Estate of Joseph A. Savage, instituted this action against Sethmar Transportation, Inc. ("Sethmar"), Sunshine Mills, Inc. ("SMI"), Freight Movers, Inc. ("Freight Movers"), Z Brothers Logistics, LLC ("Z Brothers"), and Alisher Mansurov in connection with Mr. Savage's fatal collision with a tractor-trailer driven by Mr. Mansurov on November 9, 2017. See ECF No. 1  Plaintiff brings claims of negligence and recklessness against Mr. Mansurov (Count I), Z Brothers (Count III), Freight Movers (Count V), Sethmar (Count VII), and SMI (Count IX) in addition to vicarious liability against Z Brothers (Count II), Freight Movers (Count IV), Sethmar (Counts VI), and SMI (Count VIII). Id.

On February 4, 2020, Sethmar moved to dismiss plaintiff's claims alleged against it (Counts VI and VII) for lack of personal jurisdiction, insufficient service of process, and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6). See ECF Nos. 27 and 28. Plaintiff filed a response to Sethmar's motion to dismiss on February 10, 2020 and concurrently filed a motion for leave to file the First Amended Complaint, which added allegations to address Sethmar's motion to dismiss. See ECF Nos. 30 and 31.

On February 18, 2020, SMI moved to dismiss plaintiff's claims alleged against it (Counts VIII and IX) for lack of personal jurisdiction and failure to state a claim under Rules 12(b)(2) and 12(b)(6). See ECF Nos. 33 and 34. On February 20, 2020, plaintiff then filed an amended motion for leave to file her First Amended Complaint, attached as "Exhibit 1 – First Amended Complaint" to her amended motion. See ECF Nos. 35 and 35-1.

In its March 5, 2020 response in opposition to plaintiff's amended motion for leave, Sethmar maintains that the proposed First Amended Complaint is still futile because it does not address Sethmar's argument that the negligence claim (Count V) is preempted by federal law and does not otherwise resolve the issues raised in the motion to dismiss. See ECF No. 45. SMI joined with Sethmar's opposition on March 6, 2020, noting that plaintiff's "additional conclusory allegations" in the proposed First Amended Complaint do not support a denial of SMI's motion to dismiss. See ECF No. 46 at 2. Plaintiff filed a reply in support of her amended motion for leave on March 9, 2020. See ECF No. 48. The reply adds that if the court declines to grant her amended motion and/or determines that defendants' motions to dismiss are not moot, in the alternative, she requests (i) 14 additional days to file responses to the

motions to dismiss, (ii) limited jurisdictional discovery regarding the nature and extent of defendants' respective minimum contacts with West Virginia as they pertain to this case, and (iii) 14 days from the conclusion of the jurisdictional discovery to respond to the personal jurisdiction challenges raised in defendants' motions to dismiss. Id. at 12–13.

In addition, Sethmar moved on February 21, 2020 to stay discovery and certain deadlines, including the scheduling conference (March 13), the entry of the scheduling order (March 20), and the Rule 26(a)(1) disclosures (March 30), pending a ruling on defendants' motions to dismiss and any subsequent or refiled motions to dismiss. See ECF No. 37. In its motion to stay, Sethmar reiterates that plaintiff's proposed amendments to the complaint are futile and would not cure the deficiencies raised by the motions to dismiss. Id.

## II. Legal Standard

A. Motion to Amend

Federal Rule of Civil Procedure 15(a)(2), invoked by plaintiff, provides that a party who can no longer amend a pleading as of right can still amend by obtaining "the opposing party's written consent or the court's leave." Fed. R. Civ. P.

15(a)(2). "The court should freely give leave when justice so requires." Id. In applying Rule 15(a), "[t]he law is well settled that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). Our court of appeals has explained:

> Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.

Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (alteration in original) (citations omitted).

A proposed amendment is futile "if . . . [it] fails to satisfy the requirements of the federal rules," such as Rule 12(b)(6). United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (quoting United States ex rel. Fowler v. Caremark RX, LLC, 496 F.3d 730, 740 (7th Cir. 2007)). "[R]epeated, ineffective attempts at amendment" may also indicate that amending the complaint would be futile or

that it was brought in bad faith.  See Martin v. Duffy, 858 F.3d 239, 247 (4th Cir. 2017); see also Wilkins v. Wells Fargo Bank, N.A., 320 F.R.D. 125, 127 (E.D. Va. 2017) ("Bad faith includes seeking to amend a complaint . . . after repeated 'pleading failures.'") (quoting U.S. ex rel. Nathan v. Takeda Pharm. N. Am., Inc., 707 F.3d 451, 461 (4th Cir. 2013).

    B.    Motion to Stay

Federal Rule of Civil Procedure 26(c)(1) provides pertinently that:

> The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure or discovery; [or]
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery . . . .

Fed. R. Civ. P. 26(c)(1)(A), (B).  Under this rule, a district court has the discretion to stay discovery pending the outcome of a dispositive motion.  See Thigpen v. United States, 800 F.2d 393, 396-97 (4th Cir. 1986), overruled on other grounds by Sheridan v. United States, 487 U.S. 392 (1988) ("Nor did the court err by granting the government's motion under Fed. R. Civ. P. 26(c) to stay discovery pending disposition of the 12(b)(1) motion.").

District courts consider whether a motion to stay under Rule 26(c)(1) is warranted on a case-by-case basis because "such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case." Hachette Distribution, Inc. v. Hudson County News Co., Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991). Several factors guide the court's analysis, none of which alone is dispositive. These factors are:

> (1) the type of motion, (2) whether the motion is a legal challenge or dispute over the sufficiency of allegations, (3) the nature and complexity of the action, (4) whether counterclaims and/or cross-claims have been interposed, (5) whether other parties agree to the stay, (6) the posture or stage of the litigation, (6) the expected extent of discovery in light of the number of parties and complexity of the issues in the case, (7) and any other relevant circumstances.

Citynet, LLC v. Frontier W. Va. Inc., No. 2:14-cv-15947, 2016 WL 6133844, at *1 (S.D.W. Va. Oct. 19, 2016) (internal quotation marks omitted) (citations omitted).

III. Discussion

A. Motion to Amend

Plaintiff states that the proposed First Amended Complaint addresses the issues raised in defendants' respective motions by adding allegations regarding personal jurisdiction,

service of process, vicarious liability, and direct negligence. See ECF Nos. 31, 36, and 48. Neither Sethmar nor SMI suggest that the filing of the amended complaint would result in prejudice. While the existence of prejudice to an opponent "is reason sufficient to deny amendment," the "absence of prejudice, though not alone determinative, will normally warrant granting leave to amend." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980).

Sethmar and SMI argue that the amendment is futile as to them and that it was brought solely to prolong the disposition of plaintiff's claims. See ECF Nos. 45 and 46. However, plaintiff has not made "repeated, ineffective attempts at amendment." Rather, this marks the first time the court has considered granting leave to amend the complaint in this case. See Martin, 858 F.3d at 247 (denying leave to file amended complaint when it marked plaintiff's "third attempt to state a claim for an equal protection violation"); U.S. ex rel. Nathan v. Takeda Pharm. N. Am., Inc., 707 F.3d 451, 461 (4th Cir. 2013) (affirming district court's denial of leave to amend complaint when it "would have resulted in a fifth complaint filed in this case").

In her reply filed March 9, 2020, plaintiff offers several cases[1] that cast doubt on defendants' preemption argument and suggest that further briefing is necessary to analyze this complex issue. ECF No. 48 at 4–5. In addition to offering a blackline showing that the allegations added to the First Amended Complaint are not futile and support personal jurisdiction, see ECF No. 48-1, plaintiff notes that it would be premature to decline leave to amend the complaint for lack of personal jurisdiction. See, e.g., Pridgen v. Appen Butler Hill, Inc., No. CV JKB-18-61, 2019 WL 1048950, at *3 (D. Md. Mar. 5, 2019) ("[T]his court, and others, have declined to deny leave to amend on futility grounds for lack of personal jurisdiction."); Synthes, Inc. v. Marotta, 281 F.R.D. 217, 230 (E.D. Pa. 2012) (noting "general reluctance in the Third Circuit to rule on

---

[1] See Gilley v. C.H. Robinson Worldwide, Inc., No. CV 1:18-00536, 2019 WL 1410902, at *5 (S.D.W. Va. Mar. 28, 2019) (concluding that the Federal Aviation Administration Authorization Act ("FAAAA") "does not preempt the plaintiffs' state law vicarious liability claim based upon the particular facts before the court"); see also Gillum v. High Standard, LLC, No. SA-19-CV-1378-XR, 2020 WL 444371, at *3 (W.D. Tex. Jan. 27, 2020) (finding "neither persuasive nor binding authority from any circuit court" on this issue); Creagan v. Wal-Mart Transportation, LLC, 354 F. Supp. 3d 808, 812, 813 n.4 (N.D. Ohio 2018) ("[C]ourts are divided on the issue currently before me: whether negligent hiring claims against brokers are preempted by the FAAAA when the alleged negligence results in personal injury."); Mann v. C. H. Robinson Worldwide, Inc., No. 7:16-CV-00102, 2017 WL 3191516, at *6 (W.D. Va. July 27, 2017) (noting that "neither [the United States Supreme Court] nor any federal court of appeals has addressed whether a personal injury claim against a broker based on negligent hiring is preempted").

personal jurisdiction questions in the context of a motion for leave to amend a complaint"). Furthermore, Sethmar and SMI do not suggest that the proposed amendments would prove futile as to plaintiff's claims against the remaining defendants. Z Brothers and Freight Movers have yet to make an appearance in this case despite the docket reflecting that they received service on November 26, 2019.[2]

Finally, plaintiff asserts that the proposed First Amended Complaint renders the motions to dismiss a legal nullity. ECF No. 36 at 2. "As a general rule, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) (quoting In re Crysen/Montenay Energy Co., 226 F.3d 160, 162 (2d Cir. 2000)); see also Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002). If leave is granted, the amended complaint prompts a new motion to dismiss.

---

[2] The summons was returned unexecuted for Mr. Mansurov on January 21, 2020 and again on February 25, 2020. See ECF Nos. 21 and 42. The proposed first amended complaint adds, "To the extent service of process on Mr. Mansurov at his last known address and to the West Virginia Secretary of State cannot be effected, Mr. Mansurov's insurance company may be served with process at American Interfidelity Exchange, 9234 Broadway, Suite A, Merrillville, Indiana 46410 pursuant to W. Va. Code § 56-3-31(b)." ECF No. 35-1 at 4.

For the foregoing reasons, the court grants plaintiff's amended motion for leave to amend the complaint. Accordingly, the court denies without prejudice the motions to dismiss filed by Sethmar and SMI.

B. Motion to Stay

Plaintiff has not filed a response to or otherwise opposed Sethmar's motion to stay. Even though this memorandum opinion and order fully resolves the motions to amend, Sethmar also seeks a stay until the court rules on "any subsequent or re-filed motions to dismiss." ECF No. 37 at 1. The court anticipates that defendants will again file motions to dismiss. In her reply filed March 9, 2020, plaintiff "does not request that this Court address, review, or issue a ruling on preemption at this point." Id. at 5. Instead, plaintiff suggests that "[i]f the Court grants the Motion to Amend and deems the pending Motions to Dismiss moot, the parties each would have an opportunity to raise and fully brief the complex issue." Id. Respecting personal jurisdiction, plaintiff also focuses on whether the proposed amendments to the complaint are futile while adding that she can "provide a more specific response to the motion to dismiss" later. Id. at 6-9. Once the new motions to dismiss are filed, a studied, substantive response by plaintiff is expected.

Among the factors warranting a stay, the subsequent motions to dismiss could be dispositive in favor of Sethmar and SMI. Sethmar moved to dismiss for lack of service of process under Rule 12(b)(5), and both Sethmar and SMI moved to dismiss for lack of personal jurisdiction under Rule 12(b)(2), for failure to state a claim upon which relief can be granted under Rule 12(b)(6), and preemption of plaintiff's negligence claims against under federal law.

Regarding the nature and complexity of the action, Sethmar argues that coordinating discovery between the out-of-state parties may prove costly and burdensome. ECF No. 37 at 4. A resolution of any motions to dismiss could also moot SMI's crossclaim against Sethmar, which alleges that Sethmar is obligated to indemnify SMI should the court find in plaintiff's favor. ECF No. 32 at 15. The lack of any opposition to the stay by any party further weighs in favor of granting the stay. Moreover, the court has yet to enter a scheduling order and the case remains in the early stages. Among other factors, defendants note that a stay is often warranted when parties raise personal jurisdiction as a preliminary issue. ECF No. 37 at 5. Indeed, staying discovery is appropriate where jurisdictional objections are "purely questions of law that are potentially dispositive." Hachette, 136 F.R.D. at 358.

For the foregoing reasons, the court will stay all proceedings herein except insofar as they relate to motions to dismiss and jurisdictional issues, including evidentiary matters with respect to personal jurisdiction and service of process.

IV.   Conclusion

Accordingly, it is ORDERED that:

1. The motions to dismiss filed by Sethmar and SMI be, and they hereby are, denied without prejudice.

2. Plaintiff's amended motion for leave to file her First Amended Complaint be, and it hereby is, granted.  The clerk is directed to file "Exhibit 1 - First Amended Complaint" attached to plaintiff's February 20, 2020 motion as the operative complaint in this case.

3. Plaintiff's motion for leave to file her First Amended Complaint, filed February 10, 2020, be, and it hereby is, denied as moot.

4. Sethmar's motion to stay be, and it hereby is, granted as to all proceedings herein except insofar as they relate to motions to dismiss and jurisdictional issues, including

evidentiary matters with respect to personal jurisdiction and service of process.

Consequently, the scheduling conference set for March 13, the entry of the scheduling order, and the Rule 26(a)(1) disclosures be, and they hereby are, stayed pending the further order of the court.

The Clerk is directed to forward copies of this order to all counsel of record and to any unrepresented parties.

ENTER: March 11, 2020

John T. Copenhaver, Jr.
Senior United States District Judge