```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

VANESSA H. TAYLOR, personal
representative of the Estate
of Joseph A. Savage, deceased,

    Plaintiff,

v.                              Civil Action No. 2:19-cv-00770

SETHMAR TRANSPORTATION, INC.;
FREIGHT MOVERS, INC.; Z BROTHERS
LOGISTICS, LLC; and ALISHER
MANSUROV,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff's Motion to File Petition and Application of Vanessa Taylor for Permission to Settle Wrongful Death Claim Under Seal, filed July 15, 2022. ECF No. 126.  Attached to the motion is the Petition and Application of Vanessa Taylor, Personal Representative of the Estate of Joseph A. Savage, for Permission to Settle Wrongful Death Claim (the "petition"), which the plaintiff seeks to file under seal.  ECF No. 126-1.

According to this district's Local Rules of Civil Procedure, "[t]he rule requiring public inspection of court documents is necessary to allow interested parties to judge the

court's work product in the cases assigned to it.  The rule may be abrogated only in exceptional circumstances." <u>See</u> Local R. P. 26.4(b)(1).

Public access to the petition for settlement approval is particularly important, as West Virginia law requires court approval of wrongful death settlements.  <u>See</u> W. Va. Code § 55-7-7; <u>Hall v. Beverly Enters. — W. Va., Inc.</u>, No. CIV. A. 2:10-0842, 2010 WL 4813307 (S.D. W. Va. Nov. 19, 2010) ("It is essentially impossible for the public to judge the approval process in a given wrongful death case, however, if the terms of the settlement, and the compensation of counsel, are not spread upon the public record.").  Inasmuch as this court must adjudicate this matter, the court finds that the petition must be spread on the open record.

In addition to the court's local rules and the dictates of West Virginia's Wrongful Death Statute, both the common law and the First Amendment to the United States Constitution afford the public with a presumptive right to access judicial records.  <u>See</u> <u>Haynes v. Grebinnyk</u>, No. 2:17-CV-04017, 2018 WL 1659478 (S.D.W. Va. Apr. 3, 2018).  Assuming that only the common law applies to the instant case, <u>see id.</u>, the court notes that the common law presumption of public access can be overcome only if the party seeking to seal the documents

shows "some significant interest outweighing the presumption," Rushford v. New Yorker Mag., 846 F.2d 249, 253 (4th Cir. 1988).

Here, the plaintiff fails to proffer a single reason why the petition should be sealed. There are clearly insufficient grounds to deny public access. Accordingly, the court DENIES the plaintiff's motion to seal. The Clerk is directed to file the petition attached to the motion, ECF No. 126-1, on the public docket.

Next, the court notes that the petition indicates that the plaintiff, who filed the petition, is the only statutory beneficiary. The court further notes that the petition states that "[the plaintiff] entered into a consent judgment . . . with Z Brothers, Freight Movers, and Mr. Mansurov," each a named defendant, "prior to filing her complaint." ECF No. 126-1. Inasmuch as those three named defendants are parties to this action served with process, and as no such "consent judgment" has been entered in this case, the plaintiff is hereby ORDERED to file herein on or before August 1, 2022, a full explanation of the "consent judgment" together with the names and relationship of the heirs of Joseph A. Savage as specified in West Virginia Code section 55-7-6.

The Clerk is requested to transmit copies of this order to all counsel of record and to any unrepresented parties.

3

ENTER: July 22, 2022

_____
John T. Copenhaver, Jr.
Senior United States District Judge